# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                           No. CR 18-461 JAP

**MANUEL CHAVEZ,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

In preparation for trial, and in compliance with this Court's June 18, 2018 Order (Doc. 40), Defendant Manuel Chavez filed a Motion in Limine in Support of the Admission of Defendant's Exhibit D into the Record (Motion) (Doc. 41). The United States filed a response opposing admission of Defendant's Exhibit D (Response) (Doc. 42).[1] Having considered the parties' briefing, arguments, and relevant case law, the Court will grant Defendant's Motion.

## I.     PROCEDURAL BACKGROUND

On February 14, 2018, a federal grand jury returned an indictment charging Defendant Manuel Chavez with being a felon in possession of a firearm contrary to 18 U.S.C. § 922(g)(1). *See* Redacted Indictment (Doc. 12). The charge stems from events that unfolded following a law enforcement traffic stop of the vehicle Defendant was driving in Albuquerque, New Mexico on January 8, 2018, that ultimately ended with Defendant's arrest. On April 30, 2018, Defendant Manuel Chavez filed a Motion to Suppress Search of Vehicle (Doc. 26), contending that Bernalillo County Sheriff Office (BCSO) Deputy Chavez's entry into the vehicle that Defendant was driving was an illegal warrantless search that does not fall into a recognized exception to the warrant requirement. As a result, Defendant asks the Court to suppress any evidence, including,

---

[1] *See* UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE IN SUPPORT OF THE ADMISSION OF DEFENDANT'S EXHIBIT D INTO THE RECORD (Response) (Doc. 42).

but not limited to, the firearm found in the vehicle. One of the arguments advanced by the United States in its response to Defendant's motion to suppress was that even if the Court were to find that law enforcement unlawfully seized the gun from the car Defendant was driving, the evidence is still admissible under the inevitable discovery doctrine. *See* Resp. to D. Mot. to Suppress (Doc. 32 at 15). Under the inevitable discovery doctrine, "illegally obtained evidence may be admitted if it ultimately or inevitably would have been discovered by lawful means." *U.S. v. Christy*, 739 F.3d 534, 540 (10th Cir. 2014). The United States claims that deputies would have inevitably discovered and seized the handgun as part of the vehicle inventory conducted in preparation for towing the vehicle under BCSO's Operating Procedures. (Doc. 32 at 15-16). The United States claims that *after* a deputy inventoried the vehicle, the registered owner, C.B., exited a nearby residence and the vehicle was released to her. (Doc. 32 at 16). C.B. disclaimed ownership of the firearm. (*Id.*).

On June 13, 2018, the Court began a hearing on Defendant's suppression motion that continued on June 15, 2018. During the hearing, Defendant moved the Court to admit Defense Exhibit D, a chart or table containing metadata extracted from digital photographs the field investigator took during inventory of the vehicle Defendant was driving. Defendant suggested at the hearing that the metadata establishes that law enforcement officials had contact with the vehicle's registered owner *before* deputies starting taking inventory photographs, thereby obviating the need for an inventory search. The United States objected to admission of Defense Exhibit D. After listening to brief argument from both parties, the Court asked the parties to submit additional briefing regarding admissibility of Defense Exhibit D.

## II. DISCUSSION

In his Motion, Defendant contends that the Court should admit Defense Exhibit D for purposes of the suppression hearing under Rule 402[2] of the Federal Rules of Evidence because it is relevant for purposes of demonstrating to the Court the time that deputies began the vehicle inventory search in relation to law enforcement's discovery that C.B. was the vehicle's registered owner. Defendant suggests that a review of Defense Exhibit D in conjunction with the Computer Aided Dispatch (CAD) log (Government Exhibit 21) "indicates that law enforcement knew who the owner of the vehicle was and that she was present on scene before the inventory search took place." (Doc. 41 at 2).

Based on his reading of the metadata extracted from the photographs taken during the inventory search as depicted in Defense Exhibit D, Defendant argues the vehicle inventory began around 12:40:36 a.m. on January 8, 2018[3] and concluded at approximately 12:49:10 a.m. (Doc. 41 at 2). Defendant then reads the CAD log to suggest that at 12:36:00 a.m. an individual requested information pertaining to a particular driver's license number that came back at 12:36:46 a.m. as belonging to C.B., the vehicle's registered owner. (Doc. 41 at 3). The conclusion Defendant draws from this is that deputies "clearly already had contact with [C.B.] prior to the beginning of the inventory search" because the license number could not have come from any source other than directly from C.B. (Doc. 41 at 3).

The United States opposes Defendant's request that the Court admit Defense Exhibit D, first arguing that Defendant failed to lay a foundation for its authenticity at the suppression hearing in accordance with the Federal Rules of Evidence. (Doc. 42 at 1). Citing to case law

---

[2] Fed. R. Evid. 402 provides that "relevant evidence is admissible." Evidence is relevant if "it has any tendency to make a fact more or less probable than it would without the evidence; and…the fact is of consequence in determining the action." *See* Fed. R. Evid. 401.
[3] Defendant wrote "January 18, 2018" in his Motion. Because the events at issue here occurred on January 8, 2018, the Court presumes this is a typographical error.

3

from other jurisdictions, the United States argues that in most instances a qualified expert is necessary to proffer testimony regarding metadata extracted from digital images. *See, e.g., United States v. Wilkins*, No. 15-00232-01-CR-W-HFS, 2016 WL 2616497 (W.D. Mo. Apr. 8, 2016) (concluding that expert testimony regarding metadata presented at a suppression hearing would be required before the court could rely on any of the evidence). And in this instance, the United States asserts, Defendant did not offer witness testimony to establish reliability and authenticity of the proposed exhibit. (Doc. 42 at 9-12). Rather, the United States claims that Defendant's conclusions about the timing of events rests on three unsupported assumptions: (1) the metadata analysis is correct; (2) the time settings on the camera that produced the digital images coincided with the CAD system; and (3) deputies could only have obtained C.B.'s license number directly from C.B.[4] (Doc. 42 at 9).

"[T]he rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine admissibility of evidence." *U.S. v. Matlock*, 415 U.S. 164, 172-73 (discussing, in part, Fed. R. Evid. 104(a)[5] and Fed. R. Evid. 1101(d)(1)[6]); *see also U.S. v. Miramonted*, 365 F.3d 902, 904 (10th Cir. 2004) (noting that hearsay testimony otherwise inadmissible at trial is admissible at suppression hearings in which a district judge is trying to determine whether an arrest was based on probable cause). "[T]his principle is based on the assumption that more evidence should be included in a pretrial hearing because the judge, unlike a jury, can give the evidence such weight as his judgment and experience counsel." *U.S. v.*

---

[4] To dispute this alleged assumption, the United States attached Government Exhibit 22 to its Response. Government Exhibit 22 is a signed affidavit from Deputy David Schlanger explaining that when he enters a license plate number into the CAD system, he receives information regarding that vehicle's registered owner, including driver license number and the place of residence listed on the driver's license. *See* Gov't Exhibit 22 (Doc. 42-1).
[5] Federal Rule of Evidence 104(a) provides that "[t]he court must decide any preliminary question about whether…evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."
[6] Federal Rule of Evidence 1101(d)(1) states that the rules of evidence do not apply to preliminary fact determinations to be made by the Court under Rule 104.

4

*Conner*, 699 F.3d 1225, 1227-28 (10th Cir. 2012) (internal quotation marks and citation omitted). However, "[i]nsofar as suppression hearings are not constrained by some of the rules of evidence, they compel consideration of relevant but otherwise inadmissible evidence." *Id.* at 1228.

The Court agrees with the United States that Defendant has failed to establish the authenticity and reliability of the metadata and offers conclusions related to that metadata that appear speculative. Nevertheless, the Court is not bound in a suppression hearing by the rules of evidence applicable at trial. Accordingly, the Court will grant Defendant's Motion and admit Defense Exhibit D into the record for purposes of the suppression hearing, but will only give it "such weight as [the Court's] judgment and experience counsel." *Id.* at 1227-28. The Court will also grant the United States' request that the Court admit into the record Government's Exhibit 22, a declaration of Deputy David Schlanger, which is attached an exhibit to the United States' Response. (Doc. 42-1).

IT IS THEREFORE ORDERED that:

1. Defendant's Motion in Limine in Support of the Admission of Defendant's Exhibit D into the Record (Doc. 41) is GRANTED. The Court will admit Defendant's Exhibit D into the record for purposes of the suppression hearing; and

2. The Court will also admit Government's Exhibit 22 into the record for purposes of the suppression hearing.

*[signature: James A. Parker]*
SENIOR UNITED STATES DISTRICT JUDGE